Sharanjit SINGH, Petitioner,

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 04–3925–ag.

United States Court of Appeals, Second Circuit.

Dec. 5, 2006.

Sharanjit Singh, pro se, Richmond Hill, New York, for Petitioner.

Paul I. Perez, United States Attorney for the Middle District of Florida, Karin B. Hoppman, Patricia D. Barksdale, Assistant United States Attorneys, Appellate Division, Jacksonville, Florida, for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. GUIDO CALABRESI, Hon. PETER W. HALL, Circuit Judges.

**SUMMARY ORDER**

Petitioner Sharanjit Singh, a native and citizen of India, seeks review of a July 13, 2004 order of the BIA denying his second motion to reopen his deportation proceedings. *In re Sharanjit Singh*, A73 175 313

(B.I.A. July 13, 2004). The BIA had denied Singh's first motion to reopen on February 11, 2003, and on November 20, 2002, had affirmed the April 10, 2000 decision of Immigration Judge ("IJ") Paul A. DeFonzo denying Singh's applications for asylum, withholding of deportation, and relief under the Convention Against Torture. *In re Sharanjit Singh,* No. A73 176 313 (B.I.A. Nov. 20, 2002), *aff'g* No. A73 176 313 (Immig. Ct. N.Y. City Apr. 10, 2000). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for an abuse of discretion. *See Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* (internal citation omitted).

The BIA did not abuse its discretion in denying Singh's motion as both time-and numerically barred, when it was filed nearly sixteen months after the denial of his first motion to reopen. *See* 8 C.F.R. § 1003.2(c)(2)(an alien may file only one motion to reopen, within 90 days of the final administrative decision). Moreover, the BIA properly declined to find that Singh's motion fell within any exception to these bars—namely the exception for aliens who can demonstrate changed circumstances arising in the country of nationality, *see* 8 C.F.R. § 1003.2(c)(3)(ii)—even construing his arguments and evidence liberally. The BIA reasonably found that the affidavits submitted in support of his motion, purportedly from family members alleging that the police continued to search for him in Punjab, were insuffi-cient to establish changed country conditions, much less *prima facie* eligibility for asylum, when Singh had submitted affidavits containing this same allegation to the IJ at the time of his hearing, and made similar allegations in his first motion to reopen. Therefore, the BIA did not abuse its discretion in declining to give Singh's case further consideration.

For the foregoing reasons, the consolidated petitions for review are DENIED. Having completed our review, any stay of removal that the Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal in these petitions is DENIED as moot. Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).